UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAHEYM FERGUSON,

                                   Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAM DUGAN (tax # 944524), POLICE OFFICER
RONALD SANCHEZ (tax # 954315), DETECTIVE
ANGELO PIZZARO (tax # 937294), POLICE OFFICER
PATRICK SANON (tax # 949616), POLICE OFFICER
MARC ALTMAN (tax # 952405),

                                   Defendants.

**FIRST AMENDED COMPLAINT**

17 CV 4090 (BMC)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers of Police Service Area 1 in Brooklyn violated his rights under 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution by subjecting him to an illegal search and seizure, false arrest, retaliation for engaging in free speech, and excessive force. Plaintiff also asserts claims of false arrest, false imprisonment, assault, battery and vicarious liability under New York State law. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York State law claims of false arrest, false imprisonment, assault, battery and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims under New York State law, a notice of claim was duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims. Plaintiff also testified at a 50-h hearing.

7. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of Kings.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the NYPD. The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

11. Plaintiff is a 23 year-old male who resides with his family in Brooklyn. Plaintiff does not have a criminal record. On the date of the incident, plaintiff was employed by a daycare center as a child care provider. Plaintiff is presently employed as a carpenter.

12. On November 15, 2016, at approximately 4:00 p.m., plaintiff was entering the lobby of his apartment building at 30 Avenue V in Brooklyn when New York City Police Detective Angelo Pizzaro and New York City Police Officers William Dugan and Ronald Sanchez of PSA 1 stopped, pushed, frisked, searched and demanded identification from plaintiff although plaintiff had not committed a crime, had not acted in a suspicious manner and did not resemble the perpetrators of any crimes. Police Officers Patrick Sanon and Marc Altman witnessed some or all of the unlawful conduct perpetrated upon plaintiff by their fellow officers, but failed to fulfill their constitutional obligation to intervene.

13. When plaintiff was stopped, he and his friend, Eddynson Pena, were entering the lobby of plaintiff's apartment building heading to plaintiff's apartment to play video games.

14. Plaintiff objected to the police officers' misconduct and their order that he produce identification and asked the officers for their names and badge numbers. In response, plaintiff was pushed again by Officer Sanchez or one of the other officers.

15. When Officer Sanchez or another officer pushed plaintiff, he told plaintiff "we can do this the easy way or the hard way." When plaintiff asked Officer Sanchez or another officer what he meant by the "hard way," Officer Sanchez or another officer told plaintiff he would be arrested and taken to the precinct if he continued to complain and refuse to produce identification.

16. Plaintiff was held by the officers for approximately 30 minutes before being released without charges.

17. As a result of the officers' actions, plaintiff suffered physical pain, emotional distress, fear, anxiety, inconvenience, humiliation, a loss of liberty, as well as embarrassment from being stopped, frisked and searched in his own apartment building.

18. Plaintiff filed a complaint with the Civilian Complaint Review Board ("CCRB") after the incident. The CCRB substantiated plaintiff's complaint that Officer Dugan unlawfully stopped and frisked him and recommended that Officer Dugan receive a command discipline. Further, the CCRB substantiated Pena's complaint that Detective Pizzaro unlawfully stopped him and recommended a command discipline.

## FIRST CLAIM

## (§ 1983; FALSE ARREST AND ILLEGAL SEARCH AND SEZIURE)

(Against All Defendants)

19. Plaintiff repeats the foregoing allegations.

20. Defendants, acting under color of state law, stopped, searched, seized, arrested and imprisoned plaintiff without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

21. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

22. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

23. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; VIOLATION OF RIGHT TO FREE SPEECH)

(Against All Defendants)

24. Plaintiff repeats the foregoing allegations.

25. Plaintiff exercised free speech during the incident in question by complaining about defendants' actions.

26. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, threaten and otherwise mistreat plaintiff.

27. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

28. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

29. Plaintiff repeats the foregoing allegations.

30. Defendants, acting under color of state law, used objectively unreasonable force upon plaintiff in violation of § 1983 and the Fourth Amendment.

31. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

32. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### FOURTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

33. Plaintiff repeats the foregoing allegations.

34. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the First and Fourth Amendments, but they failed to fulfill their constitutional obligation to intervene.

35. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

36. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### FIFTH CLAIM

### (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

37. Plaintiff repeats the foregoing allegations.

38. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

39. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

40. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed acts similar to

those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

41. Despite having the aforesaid knowledge, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate the prior allegations of police misconduct made against the defendants and failed to properly train, retrain, supervise, discipline, counsel and monitor the defendants after the complaints of misconduct were made.

42. The City of New York's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

43. The City of New York's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

44. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

## (FALSE ARREST/FALSE IMPRISONMENT UNDER N.Y. STATE LAW)

(Against All Defendants)

45. Plaintiff repeats the foregoing allegations.

46. Defendants, acting within the scope of their employment as members of the NYPD, arrested and imprisoned plaintiff without legal justification or probable cause.

47. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

48. Because the individual defendants were acting within the scope of their employment when they falsely arrested and imprisoned plaintiff, the City of New York is vicariously liable to plaintiff.

49. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

50. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### (ASSAULT UNDER N.Y. STATE LAW)

(Against All Defendants)

51. Plaintiff repeats the foregoing allegations.

52. Defendants, acting within the scope of their employment as members of the NYPD, placed plaintiff in fear of imminent harmful and offensive physical contacts which injured plaintiff.

53. Because the individual defendants were acting within the scope of their employment when they assaulted plaintiff, the City of New York is vicariously liable to plaintiff.

54. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

55. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## EIGHTH CLAIM

## (BATTERY UNDER N.Y. STATE LAW)

(Against All Defendants)

56. Plaintiff repeats the foregoing allegations.

57. Defendants, acting within the scope of their employment as members of the NYPD, made offensive and nonconsensual physical contact with plaintiff which injured plaintiff.

58. Because the individual defendants were acting within the scope of their employment when they battered plaintiff, the City of New York is vicariously liable to plaintiff.

59. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

60. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:  October 18, 2017

       _____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-4734
(646) 239-4330